UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SMART BILLIARD LIGHTING, LLC,

                               Plaintiff,

        -against-

LUCID BALL SPORTS, INC.,

                              Defendant.
------------------------------------------------------------------------X

For Online Publication Only

**ORDER**
23-CV-2457 (JMA) (AYS)

FILED
CLERK
11:33 am, Jul 10, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Before the Court is the motion of plaintiff Smart Billiard Lighting, LLC ("Plaintiff") for default judgment against defendant Lucid Ball Sports, Inc. ("Defendant"). (ECF No. 15.) For the reasons stated herein, Plaintiff's motion for a default judgment is GRANTED, in part, and DENIED, in part. Plaintiff is granted a permanent injunction enjoining Defendant from continuing to infringe on Plaintiff's rights in a pair of patents, as discussed herein.

### I. DISCUSSION

**A. Defendant Defaulted**

Defendant was properly served in this action, but has not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action.

**B. Liability**

When a defendant defaults, the Court is required to accept all factual allegations in the complaint as true and draw all reasonable inferences in a plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether those allegations establish the defendant's liability as a matter of law. Id.

Here, Plaintiff alleges that Defendant infringed upon a pair of patents: (1) United States

Design Patent No. D776,328, entitled "Light Frame," which was issued on January 10, 2017 and subsequently assigned to Plaintiff; and (2) United States Patent No. 11,045,713 (collectively, the "Patents"), entitled "Billiard Table Lighting," which was issued on June 29, 2021 and subsequently assigned to Plaintiff. (Compl. ¶¶ 10-13.) The Court finds that the allegations in the complaint are sufficient to establish that Defendants willfully violated the Patents.

C. **Permanent Injunction**

Plaintiff next seeks to permanently enjoin Defendant from continuing to infringe on its interest in the Patents. (See Compl. At 15.) 35 U.S.C. § 283 provides that, "[t]he several courts having jurisdiction of cases under this title may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283. Under "well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief." Kiss Nail Products, Inc. v. Shenzhen Kaylux Tech. Co. Ltd., No. 18-cv-5631, 2020 WL 13573007, at *2-3 (E.D.N.Y. Sept. 24, 2020) (quoting eBay Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006)). To meet this burden, a plaintiff must demonstrate:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

Id. These "principles apply with equal force to disputes arising under the Patent Act." Id.; see also Kiss Nail Prod., Inc. v. Shenzhen Jinri Elec. Appliance Co., No. 18-cv-5625, 2020 WL 4679631, at *3 (E.D.N.Y. July 23, 2020), adopted by 2020 WL 4676415 (E.D.N.Y. Aug. 12, 2020).

First, having found Plaintiff's allegations sufficient to establish liability for patent infringement, the Court presumes that Plaintiff will suffer irreparable harm. As Defendant has not

rebutted this presumption, the Court finds that Plaintiff has established irreparable injury flowing from Defendant's continued infringement of the Patents.  Second, Plaintiff alleges that Defendant has continued to – and will continue to – infringe upon the Patents, and the Court has been presented with no evidence that Defendant would cease its infringing activities without an injunction. (ECF No. 16 at 6-7.)  Plaintiff has thus established the inadequacy of remedies at law.

Third, Plaintiff argues that if an injunction is not issued it would continue to be unfairly forced to compete against its own intellectual property.  As Defendant has failed to appear to assert any hardships it would suffer should an injunction be issued, the Court finds that the balance of hardships favors Plaintiff.  Fourth, courts have regularly found that there is a strong public policy interest in protecting intellectual property rights.  Therefore, the Court finds that the public interest would be served by the entering of an injunction.

Having considered these principles, the Court finds that Plaintiff has satisfied the four-factor test necessary to warrant entry of a permanent injunction in this case. Defendant is permanently enjoined from infringing on the Plaintiff's interest in the Patents.

### D. Attorney's Fees and Costs

Plaintiff next seeks leave from this Court to submit a petition for attorney's fees and costs. In patent cases, reasonable attorney's fees may only be awarded in "exceptional" cases.  35 U.S.C. § 285.  As "[t]he determination whether a case is 'exceptional' under § 285 is a matter of discretion," the Court must determine whether this is an exceptional case.  See Geographic Location Innovations, LLC v. Bell & Ross, Inc., No. 21-cv-5535, 2022 WL 7748172, at *5-6 (S.D.N.Y. Oct. 11, 2022) (quoting Eagle Trading USA, LLC v. Crownwell, LLC, No. 18-cv-7393, 2019 WL 1323993, at *3 (S.D.N.Y. Mar. 25, 2019); Highmark Inc. v. Allcare Health Mgmt. Sys., Inc., 572 U.S. 559, 563 (2014)).  Indeed, as the Supreme Court recently explained:

> [A]n "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.

Evriholder Products LLC v. Simply LBS Ltd. Co., No. 17-cv-4329, 2020 WL 7060336, at *9-10 (S.D.N.Y. Apr. 21, 2020) (quoting Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 554 (2014)). In making such a determination, "there is no precise rule or formula" to be followed, "but instead equitable discretion should be exercised." Octane Fitness, 572 U.S. at 554.

Although the Second Circuit has not specifically addressed whether a default is considered "unreasonable" conduct under Octane Fitness, this Court shares the view of other courts in this Circuit that, for purposes of the Patent Act, a "[d]efendant's default—standing alone—is not 'exceptional.'" Am. Infertility of N.Y., P.C. v. Deep Blue Health New Zealand Ltd., No. 17-cv-5666, 2020 WL 4218261, at *5 (S.D.N.Y. July 23, 2020) (citation omitted); see also Evriholder Products, 2020 WL 7060336, at *10 ("The mere fact of defendant's default, without more, does not render this case exceptional."); Eagle Trading, 2019 WL 1323993, at *3 (concluding that the plaintiff failed to demonstrate "that this is an 'exceptional case' that warrants attorneys' fees under section 285 of the Patent Act[.]").

Here, Defendant's default is, by itself, insufficient to deem this an "exceptional" case. It "falls into the category of defendants who merely failed to respond to the complaint." Geographic Location Innovations, 2022 WL 7748172, at *6 (quoting Experience Hendrix, L.L.C. v. Pitsicalis, No. 17-cv-1927, 2020 WL 3564485, at *15 (S.D.N.Y. July 1, 2020), adopted sub nom. Experience Hendrix, LLC v. Hendrix, 2020 WL 4261818 (S.D.N.Y. July 24, 2020)). Moreover, nothing in the record suggests that Defendant acted in bad faith or litigated in an unreasonable manner. Indeed, it did not appear in this matter or litigate at all. Accordingly, this case does not stand out as

4

"exceptional" and the Court declines to award fees or costs.  See Geographic Location Innovations, 2022 WL 7748172, at *6; see also Travel Leaders Group, LLC v. Corley, No. 19-cv-1595, 2019 WL 6647319, at *14-15 (S.D.N.Y. Dec. 5, 2019), report and recommendation adopted, 2022 WL 950957 (S.D.N.Y. Mar. 30, 2022) (finding that the "defaulting defendants could not have litigated unreasonably because they did not litigate at all[,]" and declining to award attorney's fees or costs because "the case [did] not stand out as exceptional."); Evriholder Products, 2020 WL 7060336, at *11 (Declining to award attorney's fees based on "the totality of the circumstances," and a finding that the case was not "exceptional.").

## II.  CONCLUSION

For the reasons stated above, Plaintiff's motion for a default judgment is GRANTED, in part, and DENIED, in part.  Plaintiff is granted a permanent injunction enjoining Defendant from continuing to infringe on Plaintiff's rights in the Patents.

**SO ORDERED.**

Dated:  July 10, 2023
Central Islip, New York

                                                /s/ (JMA)
                                                JOAN M. AZRACK
                                                UNITED STATES DISTRICT JUDGE